**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

FREDDY AUCATOMA ALDAZ,

       Petitioner,

  v.             9:26-cv-00439 (AMN)

ICE FIELD OFFICE DIRECTOR,

       Respondent.

---

**APPEARANCES:**         **OF COUNSEL:**

**FREDDY AUCATOMA ALDAZ**
Broome County Correctional Facility
155 Lt. Van Winkle Drive
Binghamton, New York 13905
Petitioner *pro se*

**LILIANA DEL ROCÍO CARAGUAY SOLÓRZANO**
332 Doat Street
Buffalo, New York 14211
Next Friend to Petitioner *pro se*

**UNITED STATES ATTORNEY FOR THE**  **KAREN FOLSTER**
**NORTHERN DISTRICT OF NEW YORK**  **LESPERANCE, ESQ.**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924

P.O. Box 7198         **DAVID M. KATZ, ESQ.**
100 South Clinton Street
Syracuse, New York 13261
*Counsel for Respondent ICE Field Director*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

On November 14, 2025, United States Customs and Border Patrol ("CBP") arrested petitioner Freddy Aucatoma Aldaz ("Petitioner") in Buffalo, New York and transferred him to the custody of Immigration and Customs Enforcement ("ICE"), which detained him at the Broome County Correctional Facility in Binghamton, New York.  Dkt. No. 9-1 at 3; Dkt. No. 9-2 at 4; Dkt. No. 1 at ¶ 1.[1]

On March 17, 2026, Liliana del Rocío Caraguay Solórzano, Petitioner's wife and next friend,[2] filed an emergency petition for a writ of habeas corpus in the Western District of New York pursuant to 28 U.S.C. § 2241, seeking, *inter alia*, Petitioner's immediate release.  Dkt. No. 1 ("Petition"); *see also* Dkt. Nos. 2, 6.

On March 19, 2026, the Western District of New York transferred the Petition to this district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  Dkt. Nos. 3-4.  That same day, the Court issued an order directing the ICE Field Director ("Respondent") to show cause why the Petition should not

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Respondent takes no position as to whether Ms. Caraguay Solórzano has made the necessary showing for next friend standing.  Dkt. No. 9 at 1 n. 1.  Ms. Caraguay Solórzano asserts that she is Petitioner's lawful wife, that Petitioner was continuously detained in ICE custody from the time of his arrest on November 14, 2025 until this Court's order on March 27, 2026, and that he suffers from a previous head injury requiring "continued care and family support."  Dkt. No. 2 at 2.  With no argument to the contrary, the Court finds that Ms. Caraguay Solórzano has satisfied the requirements for next friend standing and considers the Petition she has filed on Petitioner's behalf. *See Olivares Prieto ex rel. Aguiar Olivares v. ICE Custodian*, No. 9:26-cv-00203, 2026 WL 686090, *4-5 (N.D.N.Y. Mar. 11, 2026) (citing, *inter alia*, *Doe v. Hochul*, 139 F. 4th 165, 177 (2d Cir. 2025)).

be granted.[3]  Dkt. No. 5.  The Court also set a briefing schedule, scheduled a hearing for April 2, 2026, and enjoined Respondents from moving Petitioner outside the Northern District of New York during the pendency of this matter.  *Id.*

On March 27, 2026, following careful consideration of the parties' submissions, Dkt. Nos. 1, 2, 6, 9, the Court issued a written order ("Order") adjourning the hearing, granting the Petition, and ordering Petitioner's immediate release.  Dkt. No. 11.  The Government subsequently submitted status reports confirming that Petitioner was released later that same day.  Dkt. Nos 12, 14.

In its Order, the Court indicated that it would issue a longer written decision explaining its ruling in due course, *see* Dkt. No. 11 at 2, and now sets forth that explanation.

## II.    BACKGROUND

Petitioner is a native and citizen of Ecuador.  Dkt. No. 1 at 1, 5; Dkt. No. 9-1 at 1.  On January 20, 2025, Petitioner filed a completed form I-589, Application for Asylum and for Withholding of Removal.  Dkt. No. 6 at 20-35.  On that form, Petitioner asserts that he entered the United States on or around March 1, 2024, but was not inspected, admitted, or paroled.  *Id.* at 21. Petitioner's next friend asserts that Petitioner's asylum application is currently pending.  Dkt. No. 1 at 1; *see also* Dkt. No. 6 at 17-19 (Form I-797C acknowledging receipt of form I-589).

On November 14, 2025, Cheektowaga Police Officers stopped Petitioner's vehicle because it did not have a license plate.  Dkt. No. 9-1 at 3.  After learning that Petitioner and Ms. Caraguay Solórzano, who was also in the vehicle, did not speak English, the officers called the Buffalo Border Patrol Station for assistance.  *Id.*  The responding Border Patrol agent inquired about

---

[3] Respondent does not contend that Petitioner has improperly named his immediate custodian and thus has waived any such objection.  *See Olivares*, 2026 WL 686090, at *5 (citing *Valdes Acevedo v. Nassau Cnty. Corr. Ctr.*, No. 26-cv-250, 2026 WL 184645, at *12 (E.D.N.Y. Jan. 24, 2026)).

Petitioner's citizenship status, and subsequently arrested Petitioner and transported him to the Border Patrol station for processing. *Id.*

An agent at the station prepared an I-213 form to document the arrest, which noted that Petitioner did not have legal immigration status, had not been admitted or paroled, and had no criminal history. *See* Dkt. No. 9-1 at 3. Petitioner was also issued an I-862 notice to appear in removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"). Dkt. No. 9-2 at 1-3. The notice to appear charges that Petitioner is subject to removal under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA (codified at 8 U.S.C. § 1182(a)(6)(A)(i) (referring to aliens present in the United states without being admitted or paroled) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (referring to immigrants applying for admission "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . . and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General")). *Id.* at 3. Later on November 14, Petitioner was transferred into ICE custody at the Broome County Correctional Facility, where he remained detained until the Court ordered his release on March 27, 2026. *Id.* at 4; Dkt. No. 11.

Petitioner asserts that ICE detained him without an individualized custody determination, and that his detention thereby violates his due process rights under the Fifth Amendment. Dkt. No. 1 at 1-2. Respondent contends that such a determination was not necessary because Petitioner was detained pursuant to 8 U.S.C. § 1225(b) ("Section 1225(b)") and not 8 U.S.C. § 1226(a) ("Section 1226(a)"). Dkt. No. 9 at 2.

## III.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court is authorized "to grant a writ of habeas corpus

whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).  It is well-settled that "[n]oncitizens are also entitled to challenge through habeas corpus the legality of their ongoing detention." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (citing *Boumediene v. Bush*, 553 U.S. 723, 771 (2008)).  "The 'necessary scope' of this review and resulting relief 'in part depends upon the [procedural] rigor of any earlier proceedings.'" *Id.* (alteration in original) (quoting *Boumediene*, 553 U.S. at 781).  And "[t]he Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.* (first quoting *Boumediene*, 553 U.S. at 781-83, 786; and then citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301-02 (2001)).

Finally, district courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025) (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)).

## IV.   DISCUSSION

### A.  Statutory Authority

Respondent concedes that "this Court has already ruled against the government's position as to its detention authority under Section 1225(b)" in *Olivares*, 2026 WL 686090.  Dkt. No. 9 at 1.  Respondent also "acknowledges that this Court's decision in *Olivares* would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable" on the issue of which provision authorizes Petitioner's detention.  *Id.* at 2.

Here, Petitioner contends that he has been in the country for approximately two years and Respondent acknowledges that Petitioner has been present in the country for at least one year.

Dkt. No. 1 at 26; Dkt. No. 9-2 at 1, 4. Respondent also admits that Petitioner has never been inspected, admitted, or paroled into the country, which, together with Petitioner's presence in the country, effectively precludes any argument that Petitioner was arrested while seeking admission at the border. Dkt. No. 9-2 at 1. Furthermore, Petitioner has submitted evidence of his pending asylum application. Dkt. No. 1 at 22-32; Dkt. No. 6 at 17-19.

The Court adheres to its prior ruling and holds that Petitioner, who had already been in the country when Border Patrol arrested him, is detained pursuant to Section 1226(a) and not pursuant to Section 1225(b)(2)(A). As an overwhelming majority of courts in this District and across the country, including this one, have affirmed, Section 1225(b)(2)(A) authorizes the Government "to detain certain aliens seeking admission into the country," while Section 1226(a) authorizes the Government "to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *accord Olivares*, 2026 WL 686090, at *5-6 (collecting cases).

## B. Due Process

Respondent also concedes that the facts relevant to the Court's due process determination are "not materially distinguishable" from those in *Olivares*. Dkt. No. 9 at 2. The Court agrees and, after reviewing the parties' submissions, it finds that Petitioner's due process rights were violated. *Olivares*, 2026 WL 686090, at *7-8 (citing *Velasco Lopez*, 978 F.3d at 851 (articulating the three factors a court considers when weighing due process: "(1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) 'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'")

6

(quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976))).  Here, the Court notes that the risk of erroneous deprivation is especially high given the lack of an arrest warrant, in addition to the lack of an individualized custody determination, notice, or an opportunity to be heard.  *See generally* Dkt. No. 9.  Moreover, the government's interest here is even less weighty than that in *Olivares* because Petitioner has no prior arrests or criminal record.  Dkt. No. 9-1 at 3.

### C.  Appropriate Remedy

"Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release."  *Munaf v. Green*, 553 U.S. 674, 693 (2008) (citations omitted).  Respondent, however, argues that a bond hearing is a more appropriate remedy than immediate release in this case, in part because this is Petitioner's first encounter with ICE and no warrant was issued for Petitioner's arrest.  Dkt. No. 9 at 3 (citing *Martins v. Akshar*, Case No. 26-cv-00095, Dkt. No. 16 at 16 (N.D.N.Y. Feb. 3, 2026) (D'Agostino, J.)).

The court finds that a bond hearing is not necessary on the facts presented and that immediate release is the appropriate remedy for the due process violations in this matter.  *See, e.g.*, *Olivares*, 2026 WL 686090, at *8; *see also Diaz Alvarenga v. Maldonado*, No. 26-cv-01837, 2026 WL 868210 at *2 (E.D.N.Y. Mar. 30, 2026) (finding that appropriate remedy for habeas petitioner who had entered country without inspection was immediate release); *Gaspar v. Akshar*, No. 9:26-cv-00118, 2026 WL 699369 (N.D.N.Y. Feb. 17, 2026) (Sannes, C.J.) (ordering immediate release of habeas petitioner detained without a warrant).

### V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Petition for a writ of habeas corpus, Dkt. No. 1, is GRANTED; and the Court further

**ORDERS** that having considered the particular circumstances of this case and *Mathews v. Eldridge*, 424 U.S. 319 (1976), Petitioner Freddy Aucatoma Aldaz shall not be re-detained without adequate notice to Petitioner and his spouse and next friend, Liliana del Rocío Caraguay Solórzano, and without an opportunity to be heard at a hearing where the Government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a) and the burden to demonstrate by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk;[4] and the Court further

**ORDERS** that pending the issuance of any final removal order against Petitioner Freddy Aucatoma Aldaz, Respondents are also enjoined from denying him bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances.

**IT IS SO ORDERED.**

Dated: April 7, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[4] The Court joins other courts in this district in finding that absent "any individualized assessment or identifiable government interest regarding Petitioner's initial detention, due process requires that the Government bear the burden of demonstrating dangerousness or flight risk by clear and convincing evidence at any bond hearing." *Hassan v. Bondi*, No. 9:26-cv-00319, 2026 WL 891602 (N.D.N.Y. Apr. 1, 2026) (Sannes, C.J.) (citing *Lieogo v. Freden*, No. 25-cv-06615, 2025 WL 3290694, at *5-6 (W.D.N.Y. Nov. 26, 2025)); *see also Quintanilla v. Decker*, No. 21-cv-417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (joining the "overwhelming consensus of judges in this district in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention") (internal quotations omitted).